17-CV-05162 (RJD)(RER)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

LENNOX FREEMAN, individually and on behalf of all others similarly situated,

                              Plaintiff,

-against-

RIVER MANOR CORP. d/b/a ATRIUM CENTER FOR REHABILITATION AND NURSING; RIVER MANOR CARE CENTER, INC.; EXCELSIOR CARE GROUP, LLC; RIVER MANOR ACQUISITION I, LLC; RIVER MANOR ACQUISITION II, LLC; CONSTANCE LEIFER, individually; and JOEL LEIFER, individually,

                              Defendants.

**DEFENDANTS' REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT**

**MELTZER, LIPPE, GOLDSTEIN
& BREITSTONE, LLP**
Attorneys for the Defendants
190 Willis Avenue
Mineola, N.Y. 11501
(516) 747-0300

Christopher P. Hampton, Esq.
Larry R. Martinez, Esq.

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

STATEMENT OF FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

   POINT I

      THE PREEMPTED CLAIMS NECESSARILY REQUIRE
      INTERPRETATION OF THE ATRIUM LPN CBA . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

   POINT II

      THE CBA'S GRIEVANCE PROCEDURE PROVISIONS CONTAIN
      THE CLEAR AND EXPLICIT WAIVER NECESSARY TO
      PREEMPT PLAINTIFF'S CLAIMS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

## TABLE OF AUTHORITIES

**Cases** **Pages**

**Federal Cases**

Alderman v. 21 Club Inc.,
  733 F.Supp.2d 461 (S.D.N.Y. 2010) .................................................................................. 6, 7

Allis-Chalmers Corp. v. Lueck,
  105 S.Ct. 1904 (1985) ............................................................................................................ 4

Avet Coach Corp. v. Milk Drivers & Dairy Employees Local 584, Intern. Brotherhood of
Teamsters, Welfare Fund,
  No. 77-CV-1575(DJP), 1978 WL 1575 (S.D.N.Y. Jan. 3, 1978) ......................................... 6, 8

Boaz v. Fedex Customer Inf. Servs., Inc.,
  725 F.3d 603 (6th Cir. 2013) ................................................................................................ 10

Castellanos v. Raymours Furniture Company, Inc.,
  No. 17-CV-1923(JFB)(ARL), 2018 WL 1251333 (E.D.N.Y. Mar. 12, 2018) ...................... 10

Conzo v. City of New York,
  438 F.Supp.2d 432 (S.D.N.Y. 2006) ...................................................................................... 9

Fernandez v. Windmill Distributing Co.,
  159 F.Supp.3d 351 (S.D.N.Y. 2016) ...................................................................................... 7

Hackler v. R.T. Moore Co., Inc.,
  No. 17-CV-262(FTM)(MRM), 2017 WL 6535856 (M.D. Fla. Dec. 21, 2017) ................... 10

Hoops v. Keyspan Energy,
  822 F.Supp.2d 301 (E.D.N.Y. 2011) .............................................................................. 4, 6, 9

Isaacs v. Central Parking Systems of New York,
  No. 10-CV-5636(ENV)(LB), 2012 WL 957494 (E.D.N.Y. Feb. 27, 2012) ........................... 5

Johnson v. D.M. Rothman Co., Inc.,
  861 F.Supp.2d 326 (S.D.N.Y. 2012) ...................................................................................... 6

Lawrence v. Sol G. Atlas Realty Co.,
  841 F.3d 81 (2d Cir. 2016) ..................................................................................................... 8

Mazurkiewicz v. Clayton Homes, Inc.,
  971 F.Supp.2d 682 (S.D. Tex. 2013) ................................................................................... 10

Mic-Ron Gen. Contractors, Inc. v. Trustees of New York City Dist. Council of Carpenters Ben. Funds,
   908 F.Supp. 208 (S.D.N.Y. 1995) ............................................................................... 6, 8

Polanco v. Brookdale Hosp. Medical Center,
   819 F.Supp.2d 129 (E.D.N.Y. 2011) ................................................................................. 6

Pruiett v. West End Rests., LLC,
   No. 11-CV-00747(AAT), 2011 WL 5520969 (M.D. Tenn. Nov. 14, 2011) ............................ 10

Rodgers v. N.Y. Univ.,
   220 F.3d 73 (2d Cir. 2000) ............................................................................................. 7

Ramirez v. Riverbay Corp.,
   35 F.Supp.3d 513 (S.D.N.Y. 2014) .................................................................................. 2

Tand v. Solomon Schechter Day Sch. of Nassau Cnty.,
   324 F.Supp.2d 379 (E.D.N.Y.2004) ................................................................................. 4

**State Cases**

Cantres v. Board of Educ. of City of New York,
   145 A.D.2d 359 (1st Dep't 1985) .................................................................................... 9

Hall v. Town of Henderson,
   17 A.D.3d 981 (4th Dep't 2005) ..................................................................................... 9

Suffolk Cnty. Water Auth. v. Village of Greenport,
   21 A.D.3d 947 (2d Dep't 2005) ...................................................................................... 3

# PRELIMINARY STATEMENT[1]

The arguments in Plaintiff's Memorandum of Law in Opposition to Defendants' Motion for Summary Judgment (the "Opposition Memo.") as to whether Plaintiff's Preempted Claims are preempted fail to account for the impact of the following undisputed facts: (1) Plaintiff's work as an LPN for Atrium was always subject to the terms of the Atrium LPN CBA[2]; (2) this CBA mandates that overtime is owed only for "services" which are "specifically authorized" by Atrium; (3) the Atrium LPN CBA contains a grievance procedure provision specifically applicable to "overtime" claims and which contains a waiver provision; and (4) Plaintiff failed to comply with the terms of the Atrium LPN CBA's grievance procedure provisions prior to bringing the instant action. In light of these undisputed facts, it should be found that the Preempted Claims are preempted pursuant to Section 301 of the LMRA, and/or the NLRA.

Indeed, in order to determine whether Plaintiff may proceed with any of his Preempted Claims, the Court must first interpret the Atrium LPN CBA's provisions to determine whether Plaintiff performed "services" covered by the CBA and whether Atrium "specifically authorized" those services sufficient to make overtime "payable" to Plaintiff. This Court must also interpret said provisions in order to analyze whether Plaintiff received certain minimum wage payments, longevity payments and/or wage-differential payments as "agreed upon" pursuant to the Atrium LPN CBA's terms. Additionally, the Atrium LPN CBA's grievance procedure specifically provides that disputes concerning overtime are subject to its terms, and

---

[1] Please note capitalized terms have the same meaning and effect as provided for in Defendants' Memorandum of Law in Support of Their Motion to Dismiss, dated February 15, 2018 ("Defendants' Memo").

[2] A copy of the Atrium LPN CBA may be found at Exhibit 3 of the Hampton Decl. dated February 15, 2018.

such provisions serve as a clear and explicit waiver to the overtime claims alleged.[3]

## STATEMENT OF FACTS[4]

The Court is respectfully referred to Defendants' Local Civil Rule 56.1 Reply Statement of Undisputed Material Facts dated April 6, 2018.

## ARGUMENT

### POINT I

### THE PREEMPTED CLAIMS NECESSARILY REQUIRE INTERPRETATION OF THE ATRIUM LPN CBA

Plaintiff does not dispute that, to the extent his claims require interpretation of the Atrium LPN CBA, they must be dismissed as preempted pursuant to Section 301 of the LMRA. See Opposition Memo, p. 3-4. Rather, Plaintiff simply posits, despite all evidence to the contrary, the Preempted Claims do not require interpretation of said CBA. See id. at p. 4-6. Plaintiff's arguments miscomprehend relevant law and the underlying issues actually at dispute in this matter. As noted by Plaintiff, "[t]he test for determining whether a claim is preempted by [the LMRA] is whether the claim . . . is inextricably intertwined with consideration of the terms of the labor contract." Ramirez v. Riverbay Corp., 35 F.Supp.3d 513, 523 (S.D.N.Y. 2014).

Here, Plaintiff's Preempted Claims are "inextricably intertwined" with consideration of the terms of the Atrium LPN CBA. Pertinently, the Atrium LPN CBA specifically notes that "[n]o overtime shall be payable except for services specifically authorized by the Employer." Ex. 3, Atrium LPN CBA at Section 10, p. 10.[5] Further, the CBA provides that Atrium can make

---

[3] Notably, Plaintiffs do not dispute that, to the extent Plaintiff's single predicate federal FLSA overtime claim is preempted, this Court should refuse to exercise of supplemental jurisdiction over Plaintiff's remaining State Law NYLL claims. See the Opposition Memo., generally (not addressing this argument).

[4] Nothing herein shall be considered an admission of the facts as alleged in the Complaint, and Defendants reserve their right to deny and/or dispute any and/or all of the allegations contained within the Complaint.

[5] Unless otherwise indicated, all Exhibits are annexed to the Hampton Decl. dated February 15, 2018.

832725-3

reasonable working rules consistent with the CBA's terms. See id at Section 39, p. 38. Since there is no exception and/or limitation to these provisions, they are uniformly applicable to all claims Plaintiff may have concerning receipt of overtime. See Suffolk Cnty. Water Auth. v. Village of Greenport, 21 A.D.3d 947 (2d Dep't 2005).

As such, prior to determining that Plaintiff was entitled to receipt of any overtime compensation whatsoever, this Court would be required to analyze and interpret these and several other provisions of the Atrium LPN CBA. First, the Court would be required to make the threshold determination that Plaintiff performed "services" which were sufficiently covered by the Atrium LPN CBA, as agreed to by the parties of said CBA. In order to make this determination, the Court would have to make specific inquiries as to the actual services performed by Plaintiff, and then analyze whether such services were services 1199 (Plaintiff's Union) intended be covered by the Atrium LPN CBA. Next, this Court would need to determine whether any working rules and regulations Atrium enacted concerning specific authorization for employees covered by the CBA (such as Plaintiff) were consistent with the terms of the Atrium LPN CBA so as to be deemed agreed upon by the parties to the CBA. Finally, the Court would need to determine whether Plaintiff properly followed these rules and regulations such that the overtime he purportedly performed should be compensable under the CBA.

Plaintiff's "agreed upon wages" claim would similarly require the Court to determine exactly what wages were agreed upon for Plaintiff, as evidenced by the CBA's negotiated and explicit terms. Specifically, the Court would need to analyze whether any additional "agreed upon" wages should have been paid to Plaintiff by interpreting the Atrium LPN CBA's minimum wage provisions, longevity pay provisions, and/or wage differential provisions and analyzing whether and to what extent such provisions applied to Plaintiff. See Atrium LPN CBA Sections

12-14, p. 14-16. The Court also would need to analyze whether the "services" Plaintiff allegedly performed <u>during his breaks</u> were "services" as defined and limited by the Atrium LPN CBA sufficient to require Plaintiff be compensated at the "agreed upon" wages therein in any event.

Thus, the Court would need to determine to what the parties intended to agree when negotiating: (i) that overtime would only be payable for services specifically authorized by the employer; and (ii) what wages constituted Plaintiff's "regular rate" of pay under the CBA, prior to determining whether Plaintiff was entitled to payment for such services, and to how much such payment should amount. It is precisely this type of threshold inquiry concerning what rights and obligations were agreed to by the parties under a CBA where preemption must be found. See <u>Allis–Chalmers Corp. v. Lueck</u>, 105 S.Ct. 1904, 1911 (1985) ("[Q]uestions relating to what the parties to a labor agreement agreed, and what legal consequences were intended to flow from breaches of that agreement, must be resolved by reference to uniform federal law..."); see also <u>Hoops v. Keyspan Energy</u>, 822 F.Supp.2d 301 (E.D.N.Y. 2011); <u>Tand v. Solomon Schechter Day Sch. of Nassau Cnty.</u>, 324 F.Supp.2d 379 (E.D.N.Y.2004).

Plaintiff attempts to avoid this inevitable construction by claiming he only seeks payment of overtime wages for hours worked beyond 40 per week, and thus determination of whether Defendants breached the Atrium LPN CBA is immaterial to this matter. <u>See</u> Opposition Memo., p. 4-7. Plaintiff's arguments fail to account for one immutable fact: the Atrium LPN CBA provides that overtime shall be payable for services performed in excess of 35 hours worked per week, but only for those which are specifically authorized. <u>See</u> Atrium LPN CBA at Section 10, p. 10. As such, in order to determine whether Plaintiff was not properly paid for overtime hours worked beyond 40, this Court would need to first make the determination that Atrium allowed Plaintiff to work more than 40 hours per week. This would necessarily require the Court to

analyze whether Plaintiff was specifically authorized to perform services in excess of 35 hours per week at the onset, because, logically, Plaintiff cannot be allowed to work more than 40 hours in a week if he is not allowed to work more than 35 hours first. As such, in order to make this determination, the Court would have to initially determine that Plaintiff provided "services" which were "specifically authorized" by Atrium for more than 35 hours per week. Such determination again would require a threshold analysis of the CBA's terms. Further, Plaintiff's argument that determination of his "agreed upon wages" claim would not require a threshold interpretation of the CBA likewise fails. Again, Plaintiff argues that such determination can be made without reference to the Atrium LPN CBA because he seeks payment of only his "basic hourly rate." See Opposition Memo., p. 6. Yet, determining exactly what "basic hourly rate" Plaintiff may be entitled to requires interpretation of the CBA. The Court would need to perform the threshold inquiry of interpreting the CBA's wage provisions, longevity pay provisions, and/or wage differential provisions in order to assess the amount and/or rate of any such compensation ostensibly owing to Plaintiff as his "basic hourly rate."

As such, while there may be a dispute as to whether Plaintiff sufficiently provided "services" beyond 35-40 hours per week to be entitled to overtime, and as to what compensation within the CBA is applicable to Plaintiff in order to determine his "basic hourly rate," there is one thing that is not in dispute: in order to resolve the foregoing issues, the Court would need to interpret the CBA. Given this need, Plaintiff's claims should be dismissed as preempted.

Additionally, the cases cited by Plaintiff concerning the (lack of) need to interpret a CBA are easily distinguishable. The plaintiff in <u>Isaacs v. Central Parking Systems of New York</u> sought payment of <u>minimum</u> wages, an independent right which was not referenced in the relevant CBA. See No. 10-CV-5636(ENV)(LB), 2012 WL 957494 (E.D.N.Y. Feb. 27, 2012). Here,

Plaintiff seeks payment of <u>overtime</u> wages, which are specifically referenced in the Atrium LPN CBA. Further, the CBA in <u>Polanco v. Brookdale Hosp. Medical Center</u>, only referenced hours "worked," and thus there was no interpretation necessary to determining whether or not the plaintiff therein "worked" the hours for which compensation was sought. <u>See</u> 819 F.Supp.2d 129 (E.D.N.Y. 2011). Conversely, the Atrium LPN CBA references "services," which must be "specifically authorized," before any overtime is to be deemed "payable," meaning interpretation is necessary to determine the exact meaning of those terms as negotiated by the parties to the CBA, including Plaintiff's Union.

Instead, the two most analogous cases, which directly concern issues such as the ones noted above, are <u>Hoops</u>, 822 F.Supp.2d at 302, and <u>Johnson v. D.M. Rothman Co., Inc.</u>, 861 F.Supp.2d 326, 328 (S.D.N.Y. 2012). Thus, given the need to make the above interpretations in connection with the instant matter (in order to resolve any remaining disputes), and the inapplicability of Plaintiff's response, Plaintiff's Preempted Claims should be dismissed.

## POINT II

### THE CBA'S GRIEVANCE PROCEDURE PROVISIONS CONTAIN THE CLEAR AND EXPLICIT WAIVER NECESSARY TO PREEMPT PLAINTIFF'S CLAIMS

Arbitration provisions and proceedings, as collectively-bargained for and memorialized in a CBA, are to be afforded substantial deference. <u>See, e.g.</u>, <u>Avet Coach Corp. v. Milk Drivers & Dairy Employees Local 584, Intern. Brotherhood of Teamsters, Welfare Fund</u>, No. 77-CV-1575(DJP), 1978 WL 1575 (S.D.N.Y. Jan. 3, 1978); <u>Mic-Ron Gen. Contractors, Inc. v. Trustees of New York City Dist. Council of Carpenters Ben. Funds</u>, 908 F.Supp. 208 (S.D.N.Y. 1995). In light of this deference, courts routinely hold that claims arising out of the FLSA and/or NYLL can be preempted insofar as any CBA relevant to such claims contains grievance and/or arbitration provisions which act as a "clear and unmistakable waiver" for such claims. <u>See</u>

Alderman v. 21 Club Inc., 733 F.Supp.2d 461 (S.D.N.Y. 2010). A "clear and unmistakable waiver" arises when either: (i) the grievance/arbitration provision specifically provides the employee agrees to arbitrate employment claims; or (ii) the provision specifically references or incorporates a statute such as the FLSA into the agreement to arbitrate. See id.

Despite Plaintiff's arguments to the contrary, this is what has occurred here. The mandatory grievance procedure not only notes it covers all complaints, disputes, controversies and/or grievances arising in connection with the Atrium LPN CBA, but also specifically provides "[g]rievances arising from overtime claims . . . shall be presented within fifteen (15) months after the claim arose."[6] See Atrium LPN CBA, Section 9, p. 7 (emphasis added). As such, to the extent Plaintiff argues that this language does not meet the necessary "clear and exacting" standard because the arbitration provision provides all "disputes, controversies and/or grievances" shall be arbitrated, such argument entirely misses the mark. See Opposition Memo., p. 11 (citing Rodgers v. N.Y. Univ., 220 F.3d 73 (2d Cir. 2000); Fernandez v. Windmill Distributing Co., 159 F.Supp.3d 351 (S.D.N.Y.2016); Alderman, 733 F.Supp.2d at 461).

Indeed, all cases cited by Plaintiff in this regard are easily distinguishable on one simple fact: the arbitration provisions pertinent therein only referenced that "all disputes" under the relevant CBA's terms were subject to arbitration. See Rodgers, 220 F.3d at 76 (noting that the CBA contained a general arbitration provision and a separate anti-discrimination provision); Fernandez,159 F.Supp.3d at 361 (same); Alderman, 733 F.Supp.2d at 465 (arbitration provision only provides for a general reference to "[a]ll disputes"). Plaintiff further compounds this mistake by dedicating several pages of his opposition to discuss Lawrence v. Sol G. Atlas Realty Co., 841 F.3d 81 (2d Cir. 2016). See Opposition Memo. P. 12-13. Yet Lawrence suffers from

---

[6] To the extent Plaintiff's FLSA and NYLL OT claims are preempted pursuant to this provision, the remainder of Plaintiff's State Law Claims – including the Agreed-Upon Wages claim – should be dismissed due to lack of (supplemental) jurisdiction in any event. See Ruiz v. Citibank, N.A., 93 F.Supp.3d 279, 300-01 (S.D.N.Y. 2015).

the same fatal flaw as the cases noted above: namely, that the provision discussed is <u>not</u> the arbitration provision itself, but instead a wholly separate provision which is merely referenced by the actual arbitration provision at issue, through similar generic "all disputes" language. <u>See</u> 841 F.3d at 84.  This is in stark contrast to the Atrium LPN CBA, which explicitly provides that matters "arising from overtime claims" must be grieved or waived <u>directly in its arbitration provision section</u>.  <u>See</u> Ex. 3, Atrium LPN CBA, Section 9, p. 7.  As such, given that the cases cited by Plaintiff do not discuss terms explicitly contained within an arbitration provision, as has occurred in the Atrium LPN CBA here, they are irrelevant.

Moreover, Plaintiff misunderstands the importance of the CBA specifically appointing Martin F. Scheinman to continue in his designated role as arbitrator/"Impartial Chairman" for all disputes as between LPN's (*i.e.* Plaintiff) and employers (*i.e.* Atrium) covered by the CBA.  <u>See id.</u>  Defendants submit such fact is critical to determining whether Plaintiff's claims are preempted, because Employers covered by the Atrium LPN CBA collectively bargained for, and enacted, the foregoing arbitration procedure in conjunction with 1199 specifically because they (1199, Atrium and other employers, and Mr. Scheinman) have years of experience with determining what "services" are covered by the instant CBA, and/or exactly how employers may "specifically authorize" said services sufficient to make any overtime "payable."  <u>See, e.g., id.</u>; Ex. 2, Castronovo Decl. at ¶ 22.  Given this experience and knowledge, these parties rightfully believe they are the entities most capable of making determinations concerning disputes arising under the Atrium LPN CBA, and have collectively bargained for that right vis-à-vis the arbitration provision itself.  The wishes of the parties to have their disputes settled in arbitration must be given their due deference.  <u>See, e.g., Avet Coach Corp</u>, 1978 WL 1575 (S.D.N.Y. Jan. 3, 1978); <u>Mic-Ron Gen. Contractors, Inc</u>, 908 F.Supp. at 208 (S.D.N.Y. 1995).

832725-3                                                   8

Further, Plaintiff's argument that the arbitration procedure cannot act as a "clear and explicit" waiver because there is "confusion" as to who is bound by its terms is a "red herring" and undeserving of the Court's attention. See Opposition Memo. P. 14-16. It is axiomatic that an employee is bound by the terms of a CBA negotiated and entered into by his union on his behalf, including the need to abide by any arbitration/grievance procedures contained therein. See Hall v. Town of Henderson, 17 A.D.3d 981 (4th Dep't 2005) ("Where, as here, an employee is covered by a CBA containing a grievance procedure, and the particular dispute is governed by that procedure, the employee may not sue the employer directly but, rather, is bound to follow the grievance procedure outlined in the CBA and exhaust all administrative remedies."); see also, e.g., Cantres v. Board of Educ. of City of New York, 145 A.D.2d 359 (1st Dep't 1985); Hoops, 822 F.Supp.2d at 308 (discussing arbitration provision as individually applicable to plaintiff).

Plaintiff further mis-relies on Conzo v. City of New York, 438 F.Supp.2d 432 (S.D.N.Y. 2006). See Opposition Memo. p. 16. Conzo is distinguishable because the relevant FLSA dispute procedure referenced therein was voluntary, making it "coextensive" with the FLSA's requirements, rather than a prerequisite requiring exhaustion first. See 438 F.Supp.2d at 436. Conversely, the Atrium LPN CBA notes "[g]rievances . . . shall be presented within fifteen (15) months after the claim arose," and further notes "[f]ailure to give such notice within the time set forth herein shall be deemed a waiver of the right to submit the grievance to arbitration . . ." See Ex. 3, Atrium LPN CBA, Section 9, p. 7 (emphasis added). As such, this language is not "permissive," and, since it does not contain the "non-waiver" language found in the Conzo CBA, it should not be read as co-extensive, making Conzo inapposite.

Finally, Plaintiff's argument concerning Defendants' purported attempt to "shorten" the statute of limitations must also be disregarded, because Plaintiff relies on inapposite law. See

332725-3

9

Opposition Memo, p. 16-17. Notably, in this regard, all cases cited by Plaintiff involve <u>individualized</u> agreements entered into by plaintiffs with their employer.[7] This is not the case here. Instead, the arbitration provision herein was collectively bargained for by 1199 on behalf of all its employees. In light of this distinction, any issues concerning "the disparate bargaining power between employers and employees" (<u>Castellanos</u>, 2018 WL 1251333 at *4) has already been remedied, and thus mandates espoused by the cited cases do not and cannot apply herein.

## CONCLUSION

**WHEREFORE**, Defendants respectfully request their motion for summary judgment be granted in all respects, that the Complaint be dismissed in its entirety, that judgment be entered for Defendants, and that Defendants be granted costs, fees, and disbursements, together with such other and further relief as the Court deems just and proper.

Dated:   Mineola, New York
         April 6, 2018

                                          **MELTZER, LIPPE, GOLDSTEIN & BREITSTONE, LLP**
                                          Attorney for Defendants
                                          190 Willis Avenue
                                          Mineola, New York 11751
                                          (516)747-0300
                                          champton@meltzerlipp.com
                                          lmartinez@meltzerlippe.com

By: _____
                                          Christopher P. Hampton, Esq.
                                          Larry R. Martinez, Esq.

---

[7] <u>See, e.g.</u>, <u>Castellanos v. Raymours Furniture Company, Inc.</u>, No. 17-CV-1923(JFB)(ARL), 2018 WL 1251333, (E.D.N.Y. Mar. 12, 2018) (individual Employee Arbitration Program agreement); <u>Boaz v. Fedex Customer Inf. Servs., Inc.</u>, 725 F.3d 603 (6th Cir. 2013) (individual employment agreement); <u>Hackler v. R.T. Moore Co., Inc.</u>, No. 17-CV-262(FTM)(MRM), 2017 WL 6535856 (M.D. Fla. Dec. 21, 2017) (individual arbitration dispute agreement); <u>Mazurkiewicz v. Clayton Homes, Inc.</u>, 971 F.Supp.2d 682 (S.D. Tex. 2013) (individual employment agreement); <u>Pruiett v. West End Rests., LLC</u>, No. 11-CV-00747(AAT), 2011 WL 5520969 (M.D. Tenn. Nov. 14, 2011) (individual mediation agreements).

Court Index No. 17-CV-05162 (RJD)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

LENNOX FREEMAN, individually and on behalf of all others similarly situated,

Plaintiff,

-against-

RIVER MANOR CORP. d/b/a ATRIUM CENTER FOR REHABILITATION AND NURSING, et al,

Defendants.

---

**DEFENDANTS' REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT**

**MELTZER, LIPPE, GOLDSTEIN & BREITSTONE, LLP**
*Attorneys for Defendants*
*Office and Post Office Address*
190 Willis Avenue
Mineola, New York 11501
(516) 747-0300

---

*The undersigned, an attorney admitted to practice in the courts of New York State, hereby affirms as true under all the penalties of perjury that affiant is the attorney(s) of record in the within action; that affiant has read the foregoing and knows the contents thereof; that the same is true to affiant's own knowledge, except as to the matters therein stated to be alleged on information and belief, and that those matters affiant believes to be true.*

---

<u>COMPLIANCE PURSUANT TO 22NYCRR § 130-1.1a</u>
*To the best of the undersigned's knowledge, information and belief formed after an inquiry reasonable under the circumstances, the within document(s) and contentions contained herein are not frivolous as defined in 22NYCRR §130-1.1a*

Dated _____     Signature _____

---

Service of a copy of the within                                                                        is hereby admitted.

Dated: _____
     Attorney(s) for

---

PLEASE TAKE NOTICE:

☐ <u>NOTICE OF ENTRY</u>
that the within is a (certified) true copy of
duly entered in the office of the clerk of the within named court on           20

☐ <u>NOTICE OF SETTLEMENT</u>
That an Order of which the within is a true copy will be presented for settlement to the
Hon.                       , one of the judges of the within named court, at
On the       day of           20    , at

Yours, etc.
**MELTZER, LIPPE, GOLDSTEIN & BREITSTONE, LLP**
*Office and Post Office Address*
190 Willis Avenue
Mineola, New York 11501