UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------- x
LENNOX FREEMAN, individually and on
behalf of all others similarly situated,

                      Plaintiffs,

              - against -

RIVER MANOR CORP. d/b/a ATRIUM CENTER FOR
REHABILITATION AND NURSING; RIVER MANOR
CARE CENTER, INC.; EXCELSIOR CARE GROUP, LLC;
RIVER MANOR ACQUISITION I, LLC; RIVER MANOR
ACQUISITION II, LLC; CONSTANCE LEIFER, individually;
and JOEL LIEFER, individually,

                      Defendants.
------------------------------------------------------------- x

**MEMORANDUM & ORDER**

17 CV 05162 (RJD) (RER)

DEARIE, District Judge:

Plaintiff Lenox Freeman ("Plaintiff" or "Freeman") moves for reconsideration of the Court's Memorandum and Order dated March 13, 2019, Freeman v. River Manor Corp., 2019 WL 1177717 (E.D.N.Y. Mar. 13, 2019), granting Defendants' motion for summary judgment on Plaintiff's Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL") overtime and other related wage claims. The Court writes to clarify its prior decision and also acknowledges that its decision overlooked certain facts and case law. Plaintiff's motion for reconsideration is granted and, on reconsideration, the Court reaffirms its conclusion that Plaintiff's FLSA and NYLL claims are precluded or preempted by Section 301 of the Labor Management Relations Act ("LMRA") because they depend upon an analysis of the CBA, but clarifies its earlier decision insofar as the CBA's 15-month limitations period must be severed in interpreting the CBA because it inappropriately limits Plaintiff's statutory rights.

## FACTUAL AND PROCEDURAL BACKGROUND

The Court assumes familiarity with the factual and procedural background of this case, as set forth in greater detail in Freeman, 2019 WL 1177717, at *1-3. In sum and substance, Plaintiff, and the putative class he seeks to represent, were licensed practical nurses ("LPNs") who worked for Defendants, owners and operators of a rehabilitation and long-term care center in Brooklyn, New York. Plaintiff's terms of employment were stipulated in the CBA between Defendants and Plaintiff's healthcare workers' union.

The CBA provided for, *inter alia*, a 35-hour work week, including seven-hour work days and one hour of uncompensated break time per day, as well as a grievance and arbitration procedure for "[a]ll complaints, disputes, controversies or grievances . . . involving questions of interpretation or application of any clause of this Agreement, or any acts, conduct or relations between any of the parties hereto." The CBA included a 15-month limitations period for employees to assert any "overtime" claims. ECF No. 23-3, at 7. Any work performed over the collectively-bargained-for 35-hour work week was compensated at a rate of time-and-a-half the employee's regular hourly pay provided the employee performed "services" "specifically authorized by the Employer." ECF No. 23-3, at 10; 56.1 SUF, ¶ 23.

Plaintiff brings claims under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL") principally to recoup overtime pay. Plaintiff also brings NYLL claims relating to unlawful wage deductions, failure to pay agreed upon wages and failure to provide accurate wage statements. Plaintiff alleges that he and other employees consistently worked more than 35 hours per week without receiving overtime under the CBA, and often worked over 40 hours per week, without receiving overtime under the FLSA and NYLL. Defendants moved for summary judgment arguing that Section 301 of the LMRA preempted Plaintiff's NYLL

2

claims and precluded Plaintiff's FLSA claim. Alternatively, Defendants claimed Plaintiff "waived" his right to litigate his statutory claims in federal court through a "clear and unmistakable" intent to arbitrate embodied in the CBA.

The Court granted summary judgment for Defendants concluding Plaintiff's FLSA and NYLL claims were substantially dependent on an analysis of the CBA because, as a practical matter, it was necessary to address Plaintiff's overtime wages sequentially: first, by interpreting the CBA with respect to hours worked between 35 and 40 per week, and then considering Plaintiff's statutory wage claim for overtime over 40 hours per week. See generally Freeman, 2019 1177717. The Court did not find Plaintiff was "foreclosed" from pursuing unpaid overtime under the FLSA or NYLL, only that he was required to assert his overtime claims using the CBA's grievance procedures. Id. at *5-9. Moreover, the Court rejected Defendants' contention that Plaintiff "clearly and unmistakably" waived his right to litigate statutory claims in lieu of following the CBA's grievance procedures. Id. at *9-10. Plaintiff now moves for reconsideration because (i) his statutory wage claims are not substantially dependent on an interpretation of the CBA, (ii) the Court's decision "impermissibly permits an arbitrary reduction" of the statute of limitations under the FLSA and NYLL for overtime claims, and (iii) Plaintiff's wage statement claims under the NYLL are not inextricably intertwined with an interpretation of the CBA. Pl. Br., ECF No. 42, at 3, 8, 10.

## DISCUSSION

I.   Plaintiff's Motion for Reconsideration.

   *a. Legal Standard*

A motion for reconsideration may be brought pursuant to Local Civil Rule 6.3 and is appropriate to the extent the moving party can show that the Court "overlooked" "matters...that

3

might reasonably be expected to alter" its prior conclusion. Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995). While a court should not grant a motion to reconsider when "the moving party seeks solely to relitigate an issue already decided," id., the ultimate decision is within the "sound discretion of the district court." E.E.O.C. v. Fed. Express Corp., 268 F. Supp. 2d 192, 195 (E.D.N.Y. 2003). In ruling on a motion for reconsideration under Local Rule 6.3, the Court may consider if there has been "an intervening change of controlling law," "new evidence, or the need to correct a clear error or prevent manifest injustice." Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992). However, Rule 6.3 must be "narrowly construed and strictly applied so as to avoid repetitive arguments on issues that have been considered fully by the court." Lennon v. Suffolk Transp. Service, Inc., 2015 WL 6985477, at *1 (E.D.N.Y. Nov. 6, 2015). In ruling on a motion for consideration, the court may (i) deny the motion, "leaving the original decision unaltered," (ii) grant the motion "for the limited purposes of considering the effect of an overlooked matter and after doing so may affirm and/or clarify the original decision," or (iii) vacate the original decision. Dietrich v. Bauer, 198 F.R.D. 397, 399 (S.D.N.Y. 2001) (internal citations omitted).

   *b. Application*

Plaintiff first argues that the Court should grant his motion for reconsideration because his FLSA and NYLL claims are not substantially dependent on an interpretation of the CBA. To that end, Plaintiff highlights—again—the holding in Polanco v. Brookdale Hosp. Med. Ctr., 819 F. Supp. 2d 129 (E.D.N.Y. 2011); however, now, Plaintiff points the Court, for the first time, to a material fact not mentioned in the Polanco decision—a CBA-mandated sub-40 hour "work week." Plaintiff next asserts that even if his statutory claims are substantially dependent on an interpretation of the CBA, they must nevertheless be resolved in federal court because the CBA

4

"arbitrarily and significantly shorten[s]" the statute of limitations for his wage-related claims to fifteen months such that he would be precluded from obtaining relief—"a manifest injustice," meriting reconsideration. Pl. Reply. Br., ECF No. 46, at 9. Defendants counter that the Court need not reconsider its prior decision in light of Polanco, even though the employee in that case also worked a sub-40-hour work week, because that decision is not only not binding on this Court, but it was also already advanced by Plaintiff, considered by this Court, and rejected. Defendants similarly contend that Plaintiff merely seeks to relitigate its prior statute of limitations position.

First, Plaintiff's newly proffered evidence regarding the sub-40-hour work week in Polanco constitutes new information that might "reasonably be expected to alter the conclusion reached by the court." Shrader, 70 F.3d at 257. The information regarding plaintiff's sub-40-hour work week, though available deep in the bowels of the docket, was not featured in the Polanco opinion. On that basis, the Court grants Plaintiff's motion for reconsideration with respect to whether his statutory wage claims are substantially dependent on an interpretation of the CBA. However, Plaintiff's continued attempts to distinguish Polanco are unavailing, and, as detailed below, on reconsideration the Court reaffirms its decision finding Plaintiff's FLSA and NYLL claims inextricably intertwined with an interpretation of the CBA. Dietrich, 198 F.R.D. at 399-400.

Second, Plaintiff's motion for reconsideration with respect to the CBA's 15-month limitation provides the Court with a deeper understanding of matters not previously "considered fully" and affords the Court an opportunity to clarify and expand upon certain language in its earlier decision. See Lennon, 2015 WL 6985477, at *1. Cf. Dietrich, 198 F.R.D. at 400-02 (granting motion for reconsideration "for the limited purpose of clarification"). Specifically, the

5

CBA's 15-month limitations period prematurely abridges Plaintiff's statutory rights to seek overtime wages, and, though the Court's initial decision indicated an arbitrator must "bear in mind the longstanding principle that FLSA rights cannot be abridged by contract," the Court did not explicitly enumerate the implications of that longstanding principle as applied to the parties' CBA. Freeman, 2019 WL 1177717, at *5. The Court thus grants Plaintiff's motion with respect to the CBA's limitations period to clarify its earlier decision and ultimately finds the statute of limitations portion of the CBA unenforceable. However, because the 15-month limitations period can be excised from the CBA, rendering the remainder of the contract otherwise enforceable, the Court reaffirms its decision to dismiss Plaintiff's NYLL and FLSA claims as preempted and precluded, respectively. See Schlessinger v. Valspar Corp., 686 F.3d 81, 86 (2d Cir. 2012) ("plaintiffs here do not seek to avoid the entire contract; merely to excise the...provision" that "runs contrary to statute").

II. The Court Reaffirms Its Earlier Decision that Plaintiff's FLSA and NYLL Claims are Substantially Dependent on an Interpretation of the CBA.

As the Court previously explained, where an employee brings statutory wage claims "substantially dependent" on or "inextricably intertwined" with an analysis of a CBA, the employee's statutory claims will be preempted by Section 301 of the LMRA. Caterpillar Inc. v. Williams, 482 U.S. 386, 394 (1987); Whitehurst v. United Healthcare Workers East, 928 F.3d 201, 206-07 (2d Cir. 2019). This means that if the "legal character" of an employee's wage claims are not capable of resolution "truly independent" of the CBA, those claims are not enforceable in federal court unless and until the employee has exhausted the CBA's applicable procedures. Dougherty v. Am. Tel & Tel. Co., 902 F.2d 201, 203-04 (2d Cir. 1990); Gyecsek v. J.P. Hogan Coring & Sawing, Corp., 2019 WL 1059998, at *3 (S.D.N.Y. Mar. 6, 2019); see also

Whitehurst, 928 F.3d at 207 (noting "[a] state-law claim is independent when resolving it does not require construing the collective bargaining agreement" but if "a court may need to *consult* the CBA...to compute damages, for instance— [that] does not subject that [state law] claim to preemption" (internal citations omitted)); Gyecsek, 2019 WL 1059998, at *3 (a statutory claim is "substantially dependent on analysis of a collective-bargaining agreement" if it can only "be resolved by...interpreting the CBA" rather than merely "looking to" the CBA (quoting Levy v. Verizon Info. Servs., Inc., 498 F. Supp. 2d 586, 596 (E.D.N.Y. 2007))).

The Court previously concluded that before reaching Plaintiff's FLSA and NYLL overtime claims for hours worked over 40 per week, "as a practical matter," it would need to first address whether Plaintiff was entitled to contractual overtime for hours worked between 35 and 40 per week. Freeman, 2019 WL 1177717, at *5. Because the latter question was "a factual dispute arising under the CBA," the Court explained Plaintiff's statutory claims were "substantially dependent" on an interpretation of the CBA and, to avoid "artificially isolate[ing] Plaintiff's statutory wage claims, Plaintiffs contractual overtime and statutory overtime had to be analyzed sequentially. Id. The Court did not say that Plaintiff's contractual right to overtime wages superseded his statutory rights to overtime wages or that the CBA's restrictions on overtime "work" between 35 and 40 hours per week also applied to overtime "work" in excess of 40 hours per week. Rather, the Court articulated an order of operations, as a matter of practical necessity, for resolving Plaintiff's overtime claims. Indeed, an employee cannot recoup FLSA or NYLL overtime wages for having worked a forty-first hour without also working a thirty-sixth, thirty-seventh, thirty-eighth, thirty-ninth, and fortieth hour and, because Plaintiff's work for those "thirty-something" hours is a "factual determination" under the CBA, statutory overtime owed for the forty-first hour, and any subsequent hours, is substantially dependent on whether

7

the Plaintiff in fact worked during the preceding hours. See Hoops v. KeySpan Energy, 794 F. Supp. 2d 371, 378 (E.D.N.Y. 2011)

Plaintiff argues that "work is work" and Plaintiff's claims are limited to statutory, rather than contractual, overtime wages. Pl. Br., ECF No. 42, at 4. Plaintiff points to Polanco v. The Brookdale Hospital Medical Ctr., 819 F. Supp. 2d 129 (E.D.N.Y. 2011) and tries, a second time, to convince the Court that Polanco is a "virtually identical" case and this action should be decided similarly. Defendants, on the other hand, argue Polanco is readily distinguishable, but in any event, its holding is not binding on this Court.

First, though the Court acknowledges that the CBA's more limited definition of "work" cannot override Plaintiff's statutory rights after the fortieth hour,[1] it would unduly encroach on the collective bargaining process to carve out work between 35 and 40 hours, the wages for which must be determined by the CBA, and then consider Plaintiff's "40-plus" hours in isolation. Ignoring some number of "sub-40" hours holds employees less accountable for those hours thereby making the collective bargaining process with respect to compensation for those hours less meaningful. If an employee can still recover overtime for "40-plus" hours with limited oversight over his "sub-40" hours, then what incentive does the employer have to engage in meaningful negotiations with respect to "sub-40" hour overtime wages? Allowing employees to recover statutory overtime without first considering hours worked between 35 and 40 per week could ultimately incentivize employers to forego providing contractual overtime under 40 hours per week altogether. Therefore, as a practical matter, adjudication of Plaintiff's contractual rights must precede, without superseding, Plaintiff's statutory rights.

---

[1] Overtime "work" is compensable under the FLSA if work exceeding 40 hours per week is "integral and indispensable to the [employee's] principal activities." Adams v. Alcoa, Inc., 822 F. Supp. 2d 156, 162 (N.D.N.Y. 2011); see also Gorman v. Consolidated Edison Corp., 488 F.3d 586, 594 (2d Cir. 2007); Freeman, 2019 WL 1177717, at *5 n.5.

8

Second, dividing Plaintiff's claims between an arbitrator and the Court risks the possibility of inconsistent and conflicting results while also creating cumbersome administrative obstacles. Plaintiff's Complaint is not limited to FLSA and NYLL overtime claims. He also brings NYLL claims for failure to pay accurate wage statements, failure to pay agreed upon wages and unlawful wage deductions. None of these claims are triggered at the fortieth hour like Plaintiff's overtime claims and thus necessarily require interpretation of the CBA for hours worked under 40 per week. See Freeman, 2019 WL 1177717, at *9. To require separate adjudication of these claims, dividing them between an arbitrator and federal court, would only add administrative and practical burdens to the efficient administration of justice, as well as create a substantial likelihood of inconsistent and perhaps conflicting results.

Finally, Polanco does not persuade the Court to reach a different conclusion. Though the CBA in Polanco provided for a sub-40-hour work week, the Plaintiff was not subject to the same "work" restrictions for hours worked less than 40 but over 37.5 per week. The restrictions in this case for hours worked between 35 and 40 per week require interpretation of the CBA. Polanco concludes that "[e]ven if the CBA contains provisions and rights regarding 'after hour' work identical to those in the NYLL, such 'parallelism' does not mandate preemption." Polanco, 819 F. Supp. 2d at 134-35. However, this conclusion assumes that a hypothetical CBA claim would cover the same ground as a statutory wage claim. Here, on the other hand, the CBA's overtime provisions do not run in tandem with the FLSA or NYLL's overtime provisions. A trier of fact must thus wade through overtime hours conferred *only* by the CBA before grappling with overtime hours under the FLSA and NYLL. See also Barrentine v. Arkansas-Best Freight Sys., Inc., 450 U.S. 728, 745-46 (1981) ("The distinctly separate nature of these contractual and statutory rights is not vitiated merely because both were violated as a result of the same factual

9

occurrence"). Plaintiff's entitlement to CBA overtime wages and statutory overtime wages in this case does not result from "the same factual occurrence" because the latter statutorily-conferred overtime necessarily follows the former CBA-conferred overtime. Polanco, 819 F. Supp. 2d at 134 (citing Barrentine, 450 U.S. at 745-46). Moreover, Polanco overlooked the practical problems posed by leaving a gap in work hours untouched and unresolved. Though the FLSA clearly confers independent statutory rights, it cannot also be used as an end-run around a collectively-bargained-for sub-40-hour work week. Polanco, 819 F. Supp. 2d at 135.

Plaintiff might only seek damages for overtime worked over 40 hours per week, but, as a practical matter, viewing his statutory overtime claims in a vacuum strains the judicial preference for efficiency, practicality and common sense. The Court reaffirms its prior decision concluding Plaintiff's statutory overtime claims are substantially dependent on an interpretation of the CBA and are thus preempted or precluded by the LMRA. Plaintiff's attempt to isolate his statutory overtime claims "elevate[s] form over substance and contravene[s] the policies animating Section 301." Stolarik v. New York Times Co., 323 F. Supp. 3d 523, 543 (S.D.N.Y. 2018) (citing Allis-Chalmers Corp. v. Lueck, 471 U.S. 202, 211 (1985)). Plaintiff *can* ultimately recover overtime for hours worked over 40 per week; however, that determination should be made after consideration of Plaintiff's contractual overtime for hours worked between 35 and 40 per week.[2]

---

[2] In the same vein, on reconsideration, the Court reaffirms its decision finding Plaintiff's NYLL § 195(3) wage statement claim preempted by the LMRA. It is true that even if an employee were correctly paid for all hours worked, an employer may nevertheless face liability pursuant to NYLL 195(3) for failure to accurately list the number of hours worked and corresponding rates of pay on the employee's wage statement. See Rodriguez v. Avondale Care Grp., LLC, 2018 WL 1582433 (S.D.N.Y. Mar. 27, 2018). However here, the content of Plaintiff's wage statement, depends upon the outcome of the overtime inquiry, which, as the Court explained above and in its prior decision, is an inquiry that is substantially dependent on an analysis of the CBA, and, as a practical matter, requires adjudication by an arbitrator.

III. The CBA Improperly Abridges the Limitations Period for Plaintiff's Statutory Wage Claims.

Even though Plaintiff's statutory wage claims are inextricably intertwined with an interpretation of the CBA, Defendants do not have license to prematurely abridge Plaintiff's pre-existing statutory rights. Plaintiff contends that "the real world effect" of the Court's prior decision "is that Plaintiff cannot bring his legitimate statutory unpaid wage claims in any forum" because of the CBA grievance procedure's 15-month limitations period for overtime claims. Accordingly, Plaintiff argues that such a result "undermines the FLSA's remedial scheme." Pl. Br., ECF No. 42, at 9.

The Court agrees. To abridge FLSA rights by contract "would nullify the purposes of the statute and thwart the legislative policies it was designed to effectuate." Barrentine, 450 U.S. at 740.[3] When passing the FLSA, Congress intended "to achieve a uniform national policy of guaranteeing compensation for all work or employment engaged in by employees covered by the Act," including enhanced compensation for overtime over 40 hours per week." Id. at 741 (quoting Tennessee Coal, Iron & R. Co. v. Muscoda Local No. 123, 321 U.S. 590, 602-03 (1944)). Therefore, although the employer-employee working relationship is primarily governed by contract with respect to work under 40 hours per week (with some limited exceptions), a CBA cannot abridge an employee's entitlement to overtime for work performed over 40 hours per week absent a "clear and unmistakable waiver."

---

[3] See also Alfonso v. Maggies Paratransit Corp., 203 F. Supp. 3d 244, 252 (E.D.N.Y. 2016) (because CBA permitted waiver of provision shortening the FLSA statute of limitation, there was "no basis...to find that the statute of limitations for [plaintiff's] FLSA claims ha[d] been improperly shortened"); McLaughlin v. Advanced Commc'ns, Inc., 2010 WL 11626961, at *4 (E.D.N.Y. Mar. 25, 2010), report and recommendation adopted, 2010 WL 11626962 (E.D.N.Y. Apr. 15, 2010) (where employer's arbitration agreement shortened FLSA statute of limitations to six-months, that provision "effectuate[d] a practical abrogation of a claimant's rights," rendering the contract term unenforceable).

11

Indeed, in concluding Plaintiff's statutory wage claims were preempted, this Court explained that "the task of resolving Plaintiff's hybrid overtime claim must fall to an arbitrator who will bear in mind the longstanding principle that FLSA rights cannot be abridged by contract" in order to "strike[] the appropriate balance between the judiciary's strong preference for agreed-upon contractual remedies and reluctance to undermine previously bargained-for arbitration procedures, with the need for FLSA rights to take precedence over conflicting provisions in a collectively bargained compensation arrangement." Freeman, 2019 WL 1177717, at *5 (citing Barrentine, 450 U.S. at 740; Kazolias v. IBEW LU 363, 2012 WL 6641533, at *22 (S.D.N.Y. Dec. 11, 2012)); see also Abdullayeva v. Attending Homecare Servs. LLC., 18-651, slip op. at 7 (2d Cir. July 2, 2019) (reiterating presumption in favor of arbitrability).

Because the CBA's limitations period for overtime claims runs afoul of Plaintiff's statutory rights, the Court must determine whether the offending language in the CBA can be excised to render the CBA and its grievance procedures otherwise enforceable. "As a general rule, New York courts will not enforce illegal contracts." Schlessinger, 686 F.3d at 85; see also United Paperworkers Int'l Union, AFL-CIO v. Misco, Inc., 484 U.S. 29, 42 (1987) (affirming the "general doctrine, rooted in common law, that a court may refuse to enforce contracts that violate law or public policy"). Moreover, "an interpretation which gives a reasonable, lawful, and effective meaning to all the terms is preferred to an interpretation which leaves a part unreasonable, unlawful, or of no effect." Restatement (Second) Contracts § 203; see also Conzo v. City of New York, 438 F. Supp. 2d 432, 435 (S.D.N.Y. 2006). Here, balancing "the judiciary's strong preference for agreed-upon contractual remedies" with the need to protect Plaintiff's statutory rights, Freeman, 2019 WL 1177717, at *5, the reasonable approach is to isolate the provision—the 15-months limitations period for overtime claims—that "runs contrary

to statute and...reform the rest of the [CBA] without the offending provision," Schlessinger, 686 F.3d at 86.

In Schlessinger, plaintiffs sought to "excise" a contract provision that violated New York General Business Law, and the Second Circuit agreed, noting that striking the offending provision would allow plaintiffs to "receive the benefit of [an] agreement that complied with state law" and defendant "would lose only the right to invoke an illegal contractual provision." Id. As a result, the Court concluded, "the penalty imposed by voiding a contractual provision that runs contrary to regulation is not wholly out of proportion to the requirements of public policy." Id.; see also Caruso v. Allnet Commc'n Servs., Inc., 662 N.Y.S.2d 468, 569-70 (N.Y. App. Div. 1st Dep't 1997) ("Rather than consider the illegal contract as void *in toto*, the better view is to sever the offending provision and validate the basic agreement."). Indeed, severing the 15-month limitations period will allow Plaintiff to seek redress for an alleged violation of the law, while avoiding a windfall—free labor—for the Defendants. Almazo v. M.A. Angeliades, Inc. 2015 WL 6965116, at *3 (S.D.N.Y. Nov. 10, 2015). Because the 15-month limitations period in the CBA would would contravene federal and state law, the Court will interpret the CBA to give "effective and lawful meaning to all of the terms" and remove the offending phrase.[4]

## CONCLUSION

Though the Court reaffirms its earlier decision concluding Plaintiff's state and federal wage claims are preempted or precluded by Section 301 of the LMRA because they are substantially dependent on an interpretation of the CBA, the Court nevertheless agrees that, as

---

[4] Specifically, the offending language in the CBA's grievance procedures is: "shall be presented within fifteen (15) months after the claim arose or after such claim should reasonably have become known, whichever is later." ECF No. 23-3, at 11.

13

applied to the CBA in this case, such a result would inappropriately hamstring Plaintiff's statutory rights. Accordingly, on reconsideration, the Court reaffirms its decision granting Defendants' motion for summary judgment, but the Court modifies that decision insofar as the CBA's 15-month limitations period must be excised from the CBA's grievance procedures.

SO ORDERED.

Dated: Brooklyn, New York
       August 5, 2019

s/ Raymond J. Dearie

RAYMOND J. DEARIE
United States District Judge